# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENNETH BURKHALTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2368** |
| **ALLSTATE INDEMNITY COMPANY** | **SECTION: "G" (1)** |

## ORDER AND REASONS

Before the Court is Defendant Allstate Indemnity Company's ("Defendant") Motion to Strike,[1] wherein Defendant seeks to strike exhibits, specifically a fire investigation report, attached to Plaintiff Kenneth Burkhalter's ("Plainitff") briefings, claiming that they are inadmissible hearsay. After considering the motion, the memorandum in support, the opposition, the record, and the applicable law, the Court will deny the motion.

## I. Parties' Arguments

Defendant asks this Court to strike a fire investigation report attached to several filings by Plaintiff because "[t]here was no accompanying affidavits appended," and therefore the evidence is inadmissible hearsay under Federal Rule of Evidence 801.[2] Defendant argues that in the absence of depositions or affidavits made by the fire investigators about the statements or conclusions in the report, the evidence may not be considered.

In opposition, Plaintiff has refiled a certified copy of the fire investigation report from the

---

[1] Rec. Doc. 26.

[2] Rec. Doc. 26-1 at p. 1.

1

St. Tammany Fire Protection District No. 1 signed by the Records Clerk.[3] Plaintiff argues that this moots the pending motion. Moreover, Plaintiff contends that he has identified the report as relating to the fire in his home in his own affidavit, and that as a public record kept in the ordinary course of business, the report is self-authenticating under Federal Rule of Evidence 902.[4] Plaintiff also argues that under Federal Rule of Evidence 803(8)(c) the fire investigation report is excepted from the rule against hearsay.[5]

## II. Law and Analysis

Under Federal Rule of Evidence 902(4)(A), a public record is self-authenticating when the copy is certified as correct by a custodian or another person authorized to make the certification. The fire report at issue here is a public record, and now the Court is in receipt of a certified copy signed by the Records Clerk. In addition, Federal Rule of Evidence 803(8)(c) provides an exception from the rule against hearsay for public records regardless of whether the declarant is available as a witness "in a civil case" concerning "factual findings from a legally authorized investigation" if neither the source of information nor other circumstances indicate a lack of trustworthiness. Defendant has provided no evidence nor made any claims that this report is untrustworthy, but merely points out the prior absence of a certification. Therefore, the newly filed fire investigation report is now authenticated and excepted from the rule against hearsay.

---

[3] Rec. Doc. 32; Ex. A.

[4] *Id.* at p. 2.

[5] *Id.* (citing *Dubois v. State Farm Fire & Cas. Co.*, 734 F.Supp. 722, 723 (E.D. La. 1990) (Mentz, J.)).

### III. Conclusion

Under the Federal Rules of Evidence, the fire investigation report is admissible. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike[6] is **DENIED**.

New Orleans, Louisiana, this  21st  day of December, 2012.

                                        **NANNETTE JOLIVETTE BROWN**
                                        **UNITED STATES DISTRICT JUDGE**

---

[6] Rec. Doc. 26.